UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER YOUNG,

Petitioner,

v.

WALTER KELLY,

Respondent.

**DECISION AND ORDER**

6:97-CV-06407 EAW

## INTRODUCTION

Before the Court is Christopher Young's *pro se* motion for "reconsideration" under Federal Rule of Civil Procedure 60(b)(6) dated June 11, 2026. (Dkt. 16). For the reasons below, the motion is denied as outside the scope of Rule 60(b).

## BACKGROUND

On March 14, 2001, the Court (Bauer, M.J.) dismissed Young's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) challenging his 1994 conviction in New York State Supreme Court on charges of second-degree murder and first-degree burglary. Young timely appealed, but the Second Circuit Court of Appeals denied his request for a certificate of appealability and dismissed the appeal.

In 2022, Young sought permission from the Second Circuit to file a second or successive application for a writ of habeas corpus. *Young v. Kelly*, No. 22-6003 (2d Cir. Jan. 4, 2022). On January 31, 2022, the Second Circuit denied permission because, *inter alia*, the proposed new evidence was not newly discovered within the meaning of 28 U.S.C.

§ 2244(b)(2); nor would it cause a reasonable factfinder to disregard the inculpatory evidence presented at trial. (Dkt. 14).

More than four years later, Young filed the instant motion based on "newly discovered facts establishing that critical portions of the state-court record," namely, "jury deliberation notes, and the annotated verdict sheet utilized during jury deliberations," "were missing, unavailable, and never preserved by the State, thereby depriving [him] of meaningful, full, and fair appellate review, in violation of the Fourteenth Amendment to the United States Constitution." (Dkt. 16 at 1). The Court notes that some of the grounds for relief raised in the proposed second or successive habeas petition were based on the same jury notes and verdict sheets referenced in the pending motion for reconsideration. (*See* Dkt. 8 at 8-13, No. 22-6003 (2d Cir. Jan. 4, 2022)).

**<u>DISCUSSION</u>**

Rule 60(b) permits relief from federal judgments and orders based on, *inter alia*, mistake, newly discovered evidence, and fraud on the court. Rule 60(b)(1)-(6). Young's motion is brought under Rule 60(b)(6), the "catchall category" "permit[ting] a court to reopen a judgment for 'any other reason that justifies relief.'" *Buck v. Davis*, 580 U.S. 100, 123 (2017). Although Rule 60(b) applies to habeas proceedings, "a petitioner cannot use Rule 60 to avoid the restriction on second or successive habeas corpus petitions." *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005). "[T]he Court has the obligation to characterize the request for relief properly, regardless of the label that the petitioner applies." *Id.*

"[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the

underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (citation omitted). "Examples of proper Rule 60(b) motions include arguments that a court erroneously avoided deciding the merits of a claim for reasons such as 'failure to exhaust, procedural default, or statute-of-limitations bar.'" *Robles v. Lempke*, No. 09CV2636 AMDJO, 2018 WL 1320657, at *4 (E.D.N.Y. Mar. 14, 2018) (quoting *Gonzalez*, 545 U.S. at 532 n.4). By contrast, "a motion that attacks the underlying conviction" is properly characterized as a second or successive habeas petition. *Harris*, 367 F.3d at 82.

Young claims that the jury notes and annotated verdict sheets provided to the jurors would have shown that the trial court failed to comply with the mandatory procedures required by New York Criminal Procedure Law §§ 310.20 and 310.30 and *People v. O'Rama*, 78 N.Y. 2d. 270 (1991). (*See* Dkt. 16 at 4). However, because these documents were unavailable, appellate counsel could not raise claims based on the above-referenced statutes and case law in support of Young's direct appeal. (*Id.* at 2).

Young's explanation as to the significance of the jury notes and annotated verdict sheets makes clear that the Rule 60(b)(6) motion does not challenge the integrity of the 1997 federal habeas proceeding. Instead, the motion attacks the validity of Young's underlying criminal conviction by arguing that the appellate record's incompleteness prevented appellate counsel from raising claims that would have resulted in the reversal of his conviction. Therefore, the Court finds that the motion is outside of Rule 60(b)'s scope and warrants treatment as a second or successive habeas petition.

When presented with a second or successive habeas petition styled as a Rule 60(b) motion, a district court either may treat the Rule 60(b) motion as a second or successive

habeas petition and transfer it to the Second Circuit for possible certification under 28 U.S.C. § 2244(b); or it may "deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris*, 367 F.3d at 77 (quoting *Gittens v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)). The Second Circuit has "cautioned district courts to be careful not to" transfer a Rule 60(b) motion that is properly characterized as a second or successive petition until the petitioner "has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing" the portion of the Rule 60(b) motion that "presents new challenges to the underlying conviction." *Id.* "[P]remature treatment of the converted portion of the [Rule] 60(b) motion as a second collateral attack risks subjecting the prisoner not only to summary denial of that challenge but also to summary denial of any subsequent (*i.e.*, third) challenge as an abuse of the writ." *Gittens*, 311 F.3d at 533.

Accordingly, to provide Young with notice and to conserve judicial resources, the Court will deny the Rule 60(b)(6) motion (Dkt. 16) as beyond the scope of Rule 60(b). *See Silva v. Keyser*, No. 16-CV-7609 (JGK), 2025 WL 3237889, at *4 (S.D.N.Y. Nov. 20, 2025) (citing *Rodriguez v. United States*, No. 00-CR-00761 (JSR), 2018 WL 4091069, at *5 (S.D.N.Y. Aug. 28, 2018), *adopted*, No. 00-CR-00761 (JSR), 2018 WL 4387552 (S.D.N.Y. Sept. 14, 2018); *Davis v. New York*, No. 07-CV-9265 (SHS), 2017 WL 5157458, at *3 (S.D.N.Y. Nov. 6, 2017)); *see also Randolph v. United States*, No. 6:16-CR-06116-FPG, 2020 WL 7343981, at *9 (W.D.N.Y. June 16, 2020) (declining to transfer the claims that are beyond the scope of Rule 60(b) to the Second Circuit for possible certification as a

second or successive petition because the petitioner had "not been given an opportunity to withdraw them and avoid transfer").

Although a certificate of appealability ("COA") is statutorily required "only when a petitioner appeals from a judgment denying a writ of habeas corpus, the Court of Appeals for the Second Circuit has held that 'the COA requirement provided in 28 U.S.C. § 2253(c) applies to an order denying a Rule 60(b) motion for relief from a judgment denying a § 2254 petition.'" *Rogers v. Artuz*, 524 F. Supp. 2d 193, 200-01 (E.D.N.Y. 2007) (quoting *Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001)). In such circumstances, a COA "should issue only if petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right." *Kellogg*, 269 F.3d at 104.

This language, as some district courts have noted, suggests that *Kellogg* "would appear to be applicable only when a Rule 60(b) motion does not attack the integrity of the state criminal proceedings and instead challenges the district court's ruling in the previous federal habeas corpus proceeding." *Id.* at 201. Because a district court lacks jurisdiction over what is "in effect a second or successive habeas petition challenging the state conviction without an authorization," it "would have no power to issue or deny a certificate of appealability if it properly finds that the petitioner has really filed a second or successive petition" under the guise of a Rule 60(b) motion. *Id.* (citing *Santiago v. United States*, 64 F. App'x 281, 286 (2d Cir. 2003) ("[A] Rule 60(b) motion that raises entirely new grounds

for a collateral attack is indeed a successive habeas petition that requires leave to file from the Court of Appeals.")); *accord Harrison v. Senkowski*, 247 F.R.D. 402, 419 (E.D.N.Y. 2008). In any event, a COA is also denied, should one be required by the Second Circuit. *See Rogers*, 524 F. Supp. 2d at 201-02; *Harrison*, 247 F.R.D. at 419-20. Young has not shown that jurists of reason would find it debatable whether this Court abused its discretion in denying the Rule 60(b) motion, or that (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right. *Kellogg*, 269 F.3d at 104.

## CONCLUSION

For the above reasons, the Court DENIES the motion for reconsideration (Dkt. 16) as outside the scope of Rule 60(b). To the extent one is required by the Second Circuit, a COA is DENIED.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: October 6, 2026
Rochester, New York